ARTHUR M. BROWN, *Ex rel.* LEE WAI *v.* HAWAIIAN SUPPLY CO., LTD. and H. T. MARSH.

APPEAL FROM DISTRICT COURT, HONOLULU.

SUBMITTED OCTOBER 6, 1902.     DECIDED NOVEMBER 14, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

To sustain an action for breach of condition of attachment bond for the payment of damages, "in case the attachment shall be dissolved, by competent authority, before final judgment in such suit" it is necessary to prove by competent evidence that the attachment was dissolved before final judgment.

Such action cannot be maintained where the defendant in attachment paid the debt before final judgment.

### OPINION OF THE COURT BY GALBRAITH, J.

This is an appeal on points of law from the judgment of the District Court of Honolulu. The point of law set out in the certificate of appeal is as follows:

"That the Second District Magistrate erred in granting Judgment of Non-suit upon the ground set forth in defendant's motion for non-suit: to wit, upon the ground that plaintiff has not shown that the attachment has been dissolved by competent authority before final judgment in such suit, and that said judgment of non-suit was and is contrary to the law and the evidence."

The action was for damages arising from the alleged breach of an attachment bond. The conditions of the bond provided that the obligation should be void, if the Hawaiian Supply Co. Ltd., should pay all costs and all damages sustained by the defendant by reason of the attachment, "in case the plaintiff should

not sustain its suit or in case the attachment should be dissolved, by competent authority, before final judgment in such suit."

The defendants, in the answer, admitted the levy of the attachment, the retention of the goods for 24 hours by the sheriff, the execution of the bond in suit and the payment of the debt claimed by the defendant in attachment. The plaintiff introduced evidence tending to prove damages resulting to him by reason of the attachment and also introduced in evidence the original summons issued in the attachment suit and the return indorsed thereon. This summons was returnable on 21st day of May, 1902, at 1:30 o'clock, p. m. The return was as follows: "By request of counsel in the within entitled cause, the property attached has been released after my expenses having been paid, also the service of the copy of the within said cause has not been made." This was signed by a deputy sheriff and dated May 21, 1902.

There was no evidence offered to prove that the attachment suit had or had not proceeded to final judgment. It is argued for the appellant that the above return shows that the attachment was dissolved by competent authority before final judgment. It may be admitted that the return shows a dissolution of the attachment by competent authority on the return day of the summons, but it is not clear that it shows that this was before final judgment. The court might infer that it was, but where facts are susceptible of easy proof the court ought not to be left to inference to establish them. The burden was on the plaintiff to make out a *prima facie* case. The district magistrate in effect held that he failed to do this. But, however that may be, the plaintiff could not recover in this action for the reason that his own act, the payment of the debt, rendered it unnecessary to proceed to final judgment in the attachment suit. That the action did not proceed to final judgment was through no fault of the plaintiff in attachment or any defect in the proceedings.

It could not have been contemplated by the legislature, as contended by the plaintiff, that, after the goods had been seized

under the writ, the defendant could pay the amount of the debt and costs, securing the discharge of the attachment and settlement of the suit, and then maintain an action on the attachment bond.. Such a construction of the bond cannot be upheld The attachment is an ancillary proceeding in aid of and dependent upon the suit for debt. When the debt was paid there was nothing further to sustain the attachment. The payment of the debt before judgment by the defendant was an acknowledgment of the justness of the claim if it was not also a confession of the truth of the facts alleged as grounds for the attachment.

The appeal is dismissed.

*Thayer & Hemenway* for plaintiff.

*W. L. Whitney* for defendant.